**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STACEY D. MORTON,
          Appellant,

    v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
DA-0432-18-0352-I-1

DATE: May 20, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Terrence Johns, New Orleans, Louisiana, for the appellant.

Julieanna Walker and Marion Brown, New Orleans, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision that sustained her chapter 43 removal from the agency for unacceptable performance and found that she did not prove the affirmative defenses of discrimination based on her race, color, and disability, and retaliation for prior equal employment opportunity (EEO) activity. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review. We MODIFY the initial decision to apply the appropriate legal standards to the appellant's claim of disparate treatment disability discrimination and REMAND the appeal to the Dallas Regional Office for further adjudication consistent with this Remand Order and *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

The appellant worked for the agency as a GS-12 Systems Accountant and was responsible for analyzing material to guarantee the accuracy of transactions and reports, ensuring the integrity of accounting systems, and improving system efficiencies through recommendations for modification. Initial Appeal File (IAF), Tab 1 at 2, Tab 8 at 55-57. In August 2017, the agency placed the appellant on a 60-day performance improvement plan (PIP) due to her unacceptable performance in two critical elements and one noncritical element of her performance standards. IAF, Tab 8 at 80-84. The PIP notice outlined the appellant's unacceptable performance, described what successful performance on the included elements consisted of, listed tasks for each element that the appellant needed to complete during the PIP, and warned the appellant that removal was possible if she did not improve her performance in each critical element to a successful level. *Id.* When the PIP concluded, the appellant's supervisor determined that the appellant had not raised her level of performance to a successful level on the mission results and research and analysis critical elements due to errors in her work, untimely submission of assignments, and her failure to complete research and analysis to identify cases or corrective action. *Id.* at 43-48. As a result, the agency proposed the appellant's removal. *Id.* After considering the appellant's written and oral replies to the proposal and the supporting evidence, the deciding official removed the appellant, effective April 27, 2018. *Id.* at 29-33.

The appellant filed a Board appeal contesting her removal and raising the affirmative defenses of discrimination based on her race (African American), color (brown), disability (deafness in one ear), and retaliation for prior EEO activity. IAF, Tab 1, Tab 13 at 3, Tab 22 at 3. After holding the requested hearing, the administrative judge issued an initial decision sustaining the appellant's removal for unacceptable performance, finding that the agency met its burden of proving by substantial evidence each of the required elements of a chapter 43 action. IAF, Tab 24, Tab 25, Initial Decision (ID) at 7-13. The administrative judge also found that the appellant failed to prove any of her affirmative defenses. ID at 13-22. The appellant then filed a petition for review, and the agency responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We modify the initial decision to apply the appropriate legal standards to the appellant's disparate treatment disability discrimination claim.</u>

In her appeal, the appellant raised the affirmative defenses of discrimination based on her race, color, disability, and retaliation for prior EEO activity. IAF, Tab 13 at 3, Tab 22 at 3. The administrative judge determined in the initial decision that the appellant failed to prove that her race, color, or EEO activity was a motivating factor in her removal, or establish disability discrimination based on her allegations of failure to accommodate or disparate treatment. ID at 13-22. On review, the appellant makes reference to the retaliation for EEO activity affirmative defense when she states that the proposing official knew of her prior EEO activity when she issued the proposed removal. PFR File, Tab 1 at 4. The administrative judge acknowledged this undisputed fact in the initial decision and considered it in her analysis when ultimately concluding that both the proposing and deciding officials had no motive to retaliate against the appellant for her prior EEO activity. ID at 17-18. Our review reaches the identical conclusion on the EEO retaliation claim. Further, on

review, the appellant does not specifically dispute the administrative judge's findings regarding her failure to prove discrimination based on race and color, and her claim that the agency failed to accommodate her.  ID at 13-22; PFR File, Tab 1.  We see no reason to disturb these findings either.  We do, however, modify the initial decision to apply the current, appropriate legal standards to the appellant's affirmative defense of disparate treatment disability discrimination.

The administrative judge analyzed the appellant's disparate treatment disability discrimination claim under the framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).  ID at 19-22.  In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 25 (internal quotations omitted), which was decided after the issuance of the initial decision in this case, the Board approved the use of the *McDonnell Douglas* framework, not as a rigid, mechanized methodology, but as a sensible, orderly way to evaluate evidence of employment discrimination.  We therefore take no issue with the administrative judge's application of the framework for that purpose.  But the Board in *Pridgen* held that the same standards of proof applicable to Title VII claims, including claims of retaliation for opposing discrimination in violation of Title VII, apply to claims of disparate treatment disability discrimination.  *Id.*, ¶¶ 30, 42.  Thus, an appellant may prove a claim of disparate treatment disability discrimination under the motivating factor standard, in other words, by proving that prohibited discrimination "play[ed] any part in the way a decision [was] made." *Id.*, ¶¶ 20-21.[2]

---

[2] The administrative judge correctly applied the motivating factor standard to conclude that the appellant did not establish that her removal was motivated by her race, color, or EEO activity.  ID at 15, 19.  Because we agree with the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action and the appellant has not challenged this finding on review, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions.  *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.  To the extent the appellant's EEO retaliation claim constituted a claim of retaliation under the Americans with Disabilities Act, to which *Pridgen*, 2022 MSPB 31, ¶ 46, held that the "but-for" standard applied, the administrative judge applied the correct standard in finding that the appellant did not

Ultimately, however, application of the *Pridgen* standards does not require disturbing the administrative judge's denial of the appellant's disparate treatment disability discrimination claim. In denying the claim, the administrative judge found that the appellant did not establish that either the proposing or deciding officials knew her to be disabled, did not show that anyone involved in her removal harbored any animus towards her because of her disability, and did not present evidence of similarly situated non-disabled comparators who were treated better than she was. ID at 22. In light of these unchallenged findings, we conclude that the appellant did not establish even the lower burden set forth in *Pridgen* that her disability was a motivating factor in her removal.

Remand is required in light of *Santos*.

We discern no basis to disturb the administrative judge's findings that the agency proved by substantial evidence all of the elements it was required to prove in a chapter 43 performance-based removal under the law as it existed at the time. The administrative judge's findings regarding those elements are supported by the evidence, the inferences are appropriate, and the credibility determinations are reasoned. ID at 1-23; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

In her petition for review, the appellant reiterates one of the arguments that she raised before the administrative judge—that the agency did not provide her with a reasonable opportunity to demonstrate that her performance improved to an acceptable level because her PIP period lasted 60 days instead of 90 days. PFR File, Tab 1 at 4-5. At no juncture does the appellant cite to any authority requiring the agency to afford her a 90-day PIP period. The agency's procedures outline that a PIP period can last 60 days. IAF, Tab 12 at 37. Further, when

---

prove that she would not have been removed but for her EEO activity. ID at 15, 19.

assessing whether an agency afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time given to the employee to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 32 (2010). The Board also considers the level of assistance provided to the employee during the PIP period. *See Bare v. Department of Health and Human Services*, 30 M.S.P.R. 684, 687-88 (1986).

In this instance, the agency informed the appellant through the PIP notice of her unacceptable performance in the two critical elements for which she was ultimately removed, listed the tasks that she was required to perform to demonstrate successful performance, and stated that if she did not improve her performance in each of the critical elements to the successful level at the conclusion of the PIP, her removal was possible. IAF, Tab 8 at 80-84. While the agency did assign the appellant new accounting responsibilities over three smaller offices in May 2017, the appellant served as a Systems Accountant since 2012 and at the GS-12 level since 2015, and she admittedly had familiarity with many of the tasks assigned to her during the PIP period.[3] Hearing Compact Disc (HCD) (testimony of the appellant; testimony of the appellant's first-line supervisor). The PIP tasks correlated with the core duties of the appellant's position and broke down larger assignments into short-term, quantifiable steps. IAF, Tab 8 at 55-57, 80-83.

Relatedly, during the PIP period, the appellant's first- and second-line supervisors met with her on at least five occasions to provide feedback on the appellant's work product and to answer questions and provide assistance. *Id.*

[3] The agency assigned the appellant these new responsibilities at her request. Hearing Compact Disc (testimony of the appellant; testimony of the appellant's first-line supervisor). The evidence demonstrates that handling the accounting tasks for these new offices was less complex compared to the work that the appellant performed for the previous office. *Id.* (testimony of the appellant's first-line supervisor; testimony of the appellant's second-line supervisor).

at 87, 90-92, 96-97, 100, 105, 107; HCD (testimony of the appellant's first-line supervisor). The appellant did not attend at least two other scheduled meetings of this kind. IAF, Tab 8 at 101-104. The appellant's first-line supervisor provided her with detailed instructions, guidance, and tutorials to aide in her progression during the PIP. IAF, Tab 10 at 83-88, Tab 11 at 6, 15-17. While the appellant contends that the agency did not adequately train her, there is no evidence in the record that the appellant ever sought training. HCD (testimony of the appellant). Therefore, the 60-day PIP period presented a reasonable opportunity for the appellant to show improvement to the successful level. *See Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 101-02 (1989) (finding a 30-day PIP period sufficient in length to demonstrate acceptable performance), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table). The fact that the appellant could have been provided with a longer PIP period does not, in itself, undermine the propriety of the 60-day PIP period at issue here.

In any event, though the appellant has identified no basis for us to disturb the administrative judge's findings below, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See id.* (remanding the appellant's chapter 43 appeal because the parties did not have an opportunity to address the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on other elements of the agency's case in the remand initial decision. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.